NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1351
_____

UNITED STATES OF AMERICA

v.

TIMOTHY GRITMAN,
                                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:23-cr-00031-001)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 7, 2025

Before: RESTREPO, MONTGOMERY-REEVES, and SCIRICA, *Circuit Judges.*

(Filed: April 21, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Timothy Gritman challenges his 60-month sentence for fraud, contending the District Court procedurally erred in imposing a nine-level-equivalent upward variance—from an advisory range of 18 to 24 months—when a two-level Guidelines enhancement apparently applied, but the court did not identify the enhancement or explain its insufficiency.[1] Because our precedents require courts to explain "any" deviation from the Guidelines, *see United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citation omitted), we will vacate and remand for resentencing and explicit consideration of the enhancement's adequacy or inadequacy.

I.

Appellant Timothy Gritman pled guilty to defrauding the Social Security Administration and New York State and Local Retirement System of nearly $200,000 by concealing his father's natural death to posthumously collect his Social Security and pension benefits. Gritman's conduct partly included privately disposing of his father's body without notifying family members or the Government, submitting false documents and fraudulent paperwork over several years, and physically impersonating his father after his death. Considering Gritman's offensive conduct and criminal history, the Probation Officer calculated a Sentencing Guidelines advisory range of 18 to 24 months. The Officer cautioned the calculated range may not adequately capture Gritman's

---

[1] The court may have omitted mention of the enhancement in its sentencing explanation because neither the Presentence Investigation Report nor the Government's Sentencing Memorandum brought the enhancement to its attention.

2

conduct but did not identify the Guidelines' two-level "sophisticated means" enhancement. U.S. Sent'g Guidelines Manual § 2.B1.1(b)(10) (U.S. Sent'g Comm'n 2024); *see also id.* cmt. 9(B) (clarifying "sophisticated means" includes "especially intricate offense conduct pertaining to the execution or concealment of an offense"). The Government subsequently moved for an upward variance, citing Gritman's measures to conceal his father's death but also omitting from its request mention of the sophisticated means enhancement.

At Gritman's sentencing hearing, the District Court granted the Government's request for an upward variance and imposed a sentence of 60 months. The court began its sentencing explanation by observing, while Gritman's guilty plea was "limited to wire fraud and Social Security fraud," the facts of his case were "far more serious and sophisticated." J.A. 199. Gritman's choice "not to disclose his father's burial site," the court reasoned, was "number one on the list of things that show[ed] his sophistication." J.A. 199. The court further cited Gritman's filing of fraudulent forms, false statements to investigators, and impersonation of his father as evidence his crime was a "continuing . . . scheme." J.A. 200–01. The court then turned to "the objectives of the sentencing statute" and expressed concern others might attempt to replicate Gritman's conduct with their own elderly relatives, though it acknowledged there was little chance Gritman would "repeat this kind of behavior" himself. J.A. 202–03. Accordingly, the court reasoned, a substantial sentence was partly necessary to disincentivize would-be fraudsters and "protect the public." J.A. 204.

Following the court's explanation, Gritman's counsel began to object, and the

3

following exchange ensued:

> THE COURT: Excuse me?
> MR. McDONALD: -- I'm just noting the defense objection to the upward variance as previously --
> THE COURT: Well, I think, his guilty plea terms incorporate the ability to appeal, if you and your client think that's appropriate, you don't have to object here, it's not going to get further consideration from me.

J.A. 205.

## II.[2]

On appeal, Gritman contends his 60 month sentence is procedurally unreasonable because the court imposed an upward variance for his "sophisticated" conduct without explaining the insufficiency of a lesser enhancement. The Government responds 1) plain error review should apply as Gritman failed to raise a procedural challenge with the District Court and 2) Gritman's sentence is reasonable as the Guidelines' sophisticated means enhancement does not capture all of the District Court's reasons for its variance, and so deviation from the enhancement was justified.

We will review Gritman's sentence for abuse of discretion rather than plain error. We typically review a sentence's procedural reasonableness for abuse of discretion. *United States v. Jumper*, 74 F.4th 107, 111 (3d Cir. 2023). But where a party fails to object to procedural error at sentencing, plain error review applies. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Here, while the Government correctly notes Gritman's counsel failed to object to procedural unreasonableness at

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4

sentencing, counsel was unable to do so only because of the court's interruption. *See* J.A. 205 ("[Y]ou don't have to object here, it's not going to get further consideration from me."). And where a party is denied an opportunity to object, plain error does not apply. *See* Fed. R. Crim. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party."). Accordingly, we will review for abuse of discretion.

III.

Because the court abused its discretion through procedural error in failing to explain its deviation from an at-least-somewhat applicable Guidelines' enhancement, we will vacate and remand for resentencing.

A court procedurally errs where it "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or," as relevant here, "fail[s] to adequately explain the chosen sentence." *Tomko*, 562 F.3d at 567 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Although district courts retain "broad latitude in sentencing," *id.* at 568 (quoting *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008)), an adequate explanation for a chosen sentence must include "an explanation for *any* deviation from the Guidelines range," *id.* at 567 (emphasis added) (quoting *Gall*, 552 U.S. at 51); *see also United States v. Merced*, 603 F.3d 203, 216 (3d Cir. 2010) ("The extent of the explanation we require . . . may turn on whether the court has varied from the Guidelines range, and, if it has, on the magnitude of the variance."); *accord United States v. Zapete-Garcia*, 447 F.3d 57, 60 (1st Cir. 2006) ("When a factor is

5

already included in the calculation of the guidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation.").[3]

Here, the District Court procedurally erred by imposing a variance for Gritman's "sophisticated" conduct without explaining the insufficiency of the Guidelines' lesser "sophisticated means" enhancement. Because courts must explain *any* deviation from the Guidelines, they must provide an explanation where, as here, they impose an upward variance for reasons already contemplated in a lesser enhancement. *See United States v. Goff*, 501 F.3d 250, 260–61 (3d Cir. 2007) (finding a sentence unreasonable where the court varied downward based on a circumstance already accounted for in the Guidelines and failed to address why the Guidelines did not adequately address that circumstance). This does not mean an above-range sentence is necessarily unreasonable because a court's reasoning mirrors an applicable Guidelines provision—when such mirroring occurs, the court need only explain why the applicable provision is insufficient. And, of course, courts need not explain the insufficiency of enhancements irrelevant to their sentencing determinations—*i.e.*, those that do not contemplate factors relevant to the imposition of a particular sentence.

---

[3] The Government contends the Supreme Court overruled *Zapete-Garcia* in *Kimbrough v. United States*, 552 U.S. 85 (2007). It did not. The question in *Kimbrough* was "whether . . . a sentence . . . outside the [G]uidelines range is *per se* unreasonable when it is based on a disagreement" with the Guidelines' disparate treatment of crack and power cocaine offenses, not whether courts must *explain* their disagreement. *Id.* at 91.

6

The Government contends the Guidelines' sophisticated means enhancement was inapplicable to the District Court's sentence because the enhancement fails to fully capture the scope of Gritman's conduct, which the Government describes as "ghoulish" and "heinous." Appellee's Br. 29. But those are the Government's words, not the court's, and the Government concedes the "sophistication" of Gritman's fraud at least factored into the court's reasoning. Appellee's Br. 30–31; *see* J.A. 199–201 (reviewing a "list of things that show [Gritman's] sophistication" and concluding his fraud was a "continuing . . . scheme"). Whatever else one thinks of Gritman's burying and impersonating his deceased father, it was at least "especially complex or especially intricate . . . conduct pertaining to the execution or concealment of an offense." U.S. Sent'g Guidelines Manual § 2.B1.1(b)(10), cmt. 9(B) (U.S. Sent'g Comm'n 2024); *see United States v. Crosgrove*, 637 F.3d 646, 667 (6th Cir. 2011) (reasoning the sophisticated means enhancement applies when defendants repeatedly use fictitious identities, "particularly when the identity is reinforced through other deceptive practices"). While other features of Gritman's crime may counsel towards a higher sentence, such as the need to deter this type of fraud by others, it was the court's duty to consider the applicability of the sophisticated means enhancement in the first instance and, if it determined the enhancement was insufficient, to explain why. We ask the court to do as much on remand.

## IV.

For the foregoing reasons, we will vacate and remand for resentencing and explicit

7

consideration of the sophisticated means enhancement's potential sufficiency.[4]

---

[4] Gritman also challenges his sentence's substantive reasonableness. But, because we will vacate and remand on procedural grounds, we need not reach this issue. *See Tomko*, 562 F.3d at 567 ("*If* a district court's procedure passes muster, we then, at stage two, consider its substantive reasonableness." (emphasis added) (internal quotation marks omitted)).